Mrs. Jennie Longwell v. J. J. Longwell.

Decided May 31, 1905.

**1.—Divorce—Pleading—Residence—Jurisdiction.**

Where plaintiff's petition for divorce alleged that "both" plaintiff and defendant are bona fide residents of El Paso County, State of Texas, where they have resided for more than one year preceding the filing of this petition," but did not allege that plaintiff, at the time of exhibiting her petition, was "an actual bona fide inhabitant of the State," this latter was clearly implied from the allegation as made, and the judgment was not subject to attack on the ground that the court was without jurisdiction because of the absence of such further averment.

**2.—Same—Practice on Appeal—Presumption.**

In the absence of a statement of facts it will be presumed on appeal that a judgment in a divorce case partitioning the property was a fair and equitable adjustment of the rights of the parties and was based upon evidence authorizing and sustaining it.

Error from the District Court of El Paso. Tried below before Hon. A. M. Walthall.

*M. W. Stanton,* for plaintiff in error.—The trial court was without jurisdiction, power and authority to hear and determine said cause and grant a divorce therein, and the judgment rendered in said cause is not supported by the allegations of the pleadings in said cause in that there is no allegation either in the petition or answer in said cause that said petitioner, Jennie Longwell, at the time of exhibiting her petition was an actual bona fide inhabitant of the State of Texas. Rev. Stats., arts. 2978, 1194, subdiv. 16; Bruner v. Bruner, 43 S. W. Rep., 796; Haymond v. Haymond, 74 Texas, 418, 12 S. W. Rep., 90; Hare v. Hare, 10 Texas, 355; Morgan v. Morgan et al., 21 S. W. Rep., 154; Ditson v. Ditson, 4 R. I., 107; Wallace v. Wallace, 50 Atl. Rep., 788, 792; Winship v. Winship, 16 N. J. Eq., 107, 109; State v. Boyd, 48 N. W. Rep., 739, 752; Spragins v. Houghton, 3 Ill., 377, 392.

*Beall & Kemp* and *Patterson & Wallace,* for defendant in error.—The jurisdiction must not only be presumed to exist, but is shown by the record. Stelle v. Shannon, 62 Texas, 200; Gentry v. Schneider, 77 Texas, 2; Cotulla v. Goggan Bros., 77 Texas, 34; Greenwood v. Watts, 1 W. & W., sec. 115; Stewart v. Anderson, 70 Texas, 593.

Neill, Associate Justice.—This is a suit for a divorce and for a partition of the community property brought by plaintiff in error against defendant in error. The case was tried before the court on the 30th of March, 1904, without a jury, and the court having found all the material facts alleged by the plaintiff true, decreed the divorce and partitioned the community property between the parties. On the 12th day of December, 1904, the writ of error, by which it is sought to have the judgment reviewed by this court, was sued out. There is no statement of facts in the record and it must be presumed, therefore, that all matters plead by the parties necessary to sustain the judgment of the court were proven.

By the first assignment of error it is urged that the court was without jurisdiction to grant the divorce, because there was no allegation either in plaintiff's petition or defendant's answer that Jennie Longwell, at the time of exhibiting her petition, was an actual bona fide inhabitant of the State of Texas.

This presents the anomalies of a plaintiff objecting to the sufficiency of the allegations in her own petition, and, on account of such objection, seeking to have the decree which she sought by her petition annulled. Unless the decree is absolutely null and void, it may be questioned whether this can be done even by directly attacking it on appeal or error. But aside from any such question, we do not believe her petition is subject to the objection urged. It alleges that "both plaintiff and defendant are bona fide resident citizens of the city and county of El Paso and State of Texas, where they have resided for more than one year next preceding the filing of this petition." It is true it does not allege that at the time of exhibiting her petition she was "an actual bona fide inhabitant of the State," but this is clearly implied from the allegation quoted from her petition. If both she and her husband were bona fide resident citizens of the city and county of El Paso and State of Texas, and had resided there for more than one year next preceding the filing of her petition, she was necessarily a bona fide inhabitant of the State of Texas. As is said by this court in Michael v. Michael, 79 S. W. Rep., 74: "It is evident that if the plain, ordinary signification of the word 'reside' used in the statute is given to it, it would necessarily be construed to require an actual living in the county for more than six months immediately preceding the filing of the suit. The word reside, in its ordinary sense, carries with it the idea of permanence as well as continuity." If, then, plaintiff resided twelve months in El Paso County, Texas, next prior to the date of filing her petition, she was a bona fide inhabitant of such State and county during that time, and, in the absence of a statement of facts, it will be presumed that the court found that she was such bona fide inhabitant. In fact, this is implied in the finding by the court "that the material allegations of plaintiff's petition asking for a divorce are true."

It will be presumed in favor of the judgment partitioning the property that the $2,500 adjudged in favor of defendant as a charge upon a community property was proven, as alleged, to be the amount of his separate funds, the investment of which could be traced into property of the community on hand and identified at the time such judgment was rendered. It must be also presumed, in the absence of a statement of facts, that the court made a fair and equitable settlement, adjustment and disposition of the rights of the parties as to both their separate and community property, and that its adjudication of all such matters was found upon evidence authorizing and sustaining it.

No error is assigned that would authorize us to reverse the judgment, and it is therefore affirmed.

*Affirmed.*