## MOORE v. INVESTMENT FINANCE CORPORATION. (No. 2069.)

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1927.

**1. Pleading ☞111—Plaintiff, controverting plea of privilege to be sued in another county, must allege and prove facts supporting venue (Rev. St. 1925, art. 2007).**

Under Rev. St. 1925, art. 2007, plaintiff, wishing to controvert defendant's plea of privilege to be sued in county other than that in which suit was brought, must file controverting plea under oath, and allege and prove facts on which he relies to support venue.

**2. Pleading ☞111—Plea controverting defendant's plea of privilege to be sued in another county, alleging petition alleged certain facts, held insufficient ·(Rev. St. 1925, art. 2007).**

In action on note and to foreclose chattel mortgage, in which one defendant filed plea of privilege to be sued in another county, controverting plea, merely stating that certain allegations were made in petition, and being descriptive thereof, and not "setting out specifically," as required by Rev. St. 1925, art. 2007, facts relied on to support venue, held insufficient.

Appeal from Dallas County Court at Law, No. 1; Paine L. Bush, Judge.

Action by the Investment Finance Corporation against W. R. Moore and others on a note and to foreclose a chattel mortgage. Judgment for plaintiff, and the named defendant

appeals. Reversed and remanded, with instructions.

M. F. Billingsley, of Munday, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

HIGGINS, J. Appellee brought this suit in Dallas county against Emil G. Decker, as maker, and W. R. Moore, A. H. and H. B. Sams, as alleged indorsers, upon a note and to foreclose a chattel mortgage given by Decker; it being alleged that defendants resided in Knox county, Tex., and the indorsers were partners under the name of Moore-Sams Motor Company. Moore filed plea of privilege in due form to be sued in Knox county. The other defendants did not contest the suit. The plea of privilege was overruled and judgment rendered as prayed for. Moore appeals, complaining of the overruling of his plea of privilege.

[1] If the plaintiff desires to controvert a plea of privilege, he shall "file a controverting plea under oath, setting out specifically the fact or facts relied upon" to support the venue laid. Article 2007, R. S. He must allege and prove the facts upon which he relies to support the venue. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896.

[2] The controverting plea reads:

"Now comes the plaintiff herein, by attorneys, and contests the plea of privilege filed by the defendant, W. R. Moore, in the above numbered and entitled cause, and says that this suit is based upon a note executed by Emil G. Decker, payable to the order of plaintiff, and indorsed by Moore-Sams Motor Company, the payment of which note plaintiff alleges was secured by a chattel mortgage, of even date with said note, executed by the said Emil G. Decker, in which mortgage the said defendant promised and became liable to pay said note to the plaintiff at its office in Dallas, Tex., all of which is plainly set forth in plaintiff's original petition, and that the defendant, W. R. Moore, is alleged in said petition to be a member of said firm of Moore-Sams Motor Company."

This plea is sufficient as an affirmative allegation that the note sued upon was executed by Decker to the order of the plaintiff, and was indorsed by the Moore-Sams Motor Company, but it falls short of averring that such note was secured by mortgage which made the note payable at Dallas, and that Moore was a member of the firm of Moore-Sams Motor Company.

The plea merely says that such allegations were made in the petition, and are simply descriptive of such allegations. The plea does not "set out specifically" the fact that the mortgage provided for the payment of the note in Dallas, and that Moore was a member of the firm of Moore-Sams Motor Company. The plea was insufficient. Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035.

Reversed and remanded, with instructions to change the venue to Knox county.