## HAYES et ux. v. GARDNER et al.

### No. 10987.

Court of Civil Appeals of Texas. Dallas.

May 30, 1931.

Rehearing Denied June 27, 1931.

Louis Wilson, of Dallas, for appellants.

W. N. Coombes and W. B. Freeman, both of Dallas, for appellees.

VAUGHAN, J.

On November 21, 1930, appellees, Mrs. Jennie Gardner et vir., J. W. Gardner, joined pro forma, and Mrs. Annie Wunderlick, as plaintiffs, filed their original petition against the Gardner Park Amusement Company, a private corporation, based upon several unsecured promissory notes executed by said amusement company, aggregating $18,234.65, of which it· was alleged that Mrs. Gardner owned $13,432.15 and Mrs. Wunderlick $4,-802.50, and upon nineteen bonds of said Gardner Park Amusement Company, each in the principal amount of $500, alleged to be owned by the said Mrs. Gardner and to be secured by deed of trust lien duly created and existing on certain improved real estate situated in Dallas county, and, on allegations made therefor, applied for the appointment of a receiver of all of the property of the Gardner Park Amusement Company, on which said deed of trust lien existed, said property not being described.

On November 21, 1930, said amusement company, acting through one D. C. Bell, its duly qualified secretary-treasurer, waived the issuance of citation on said petition, and accepted service of such process. The same day, on an ex parte hearing, Hon. Claude McCallum, judge of the 101st judicial district court of Dallas county, appointed one Joe K. Morris of Dallas county receiver of all and singular the property of the Gardner Park Amusement Company, with plenary powers as such receiver; said Morris on the same date qualified under said order by taking oath and executing bond as required by law, and immediately thereafter took possession of all of the property owned by said amusement company.

On December 30, 1930, appellants W. T. Hayes and wife, Beulah E. Hayes, filed their plea ·of intervention embracing and presenting (a) a petition for the appointment of a receiver of the property of the Gardner Park Amusement Company, and (b) a motion to vacate and set aside the order appointing

said receiver. In re the appointment of a receiver, it may be stated that it was alleged that said amusement company was duly organized August 16, 1928, issues its bonds consecutively from 1 to 110, inclusive, in the sum of $500 each, and that to secure payment of same a deed of trust was executed on certain property describing it, owned by said amusement company, in which the Dallas Trust & Savings Bank was named as trustee, said instrument being denominated deed of trust and chattel mortgage and trust indenture agreement; that interveners owned and had duly presented for payment bonds numbered 50 to 56, inclusive, which had matured prior to said date, together with the coupons for the interest accrued on the remainder of the bonds of said series held by them, to said Gardner Park Amusement Company, and to its trustee, said Dallas Trust & Savings Bank; that said parties respectively failed and refused to pay to interveners the several sums of money on account of said matured bonds and interest on the unmatured bonds so held by them. Said petition contained all of the essential allegations necessary to show that interveners were entitled to the appointment of a receiver of the properties of said Gardner Park Amusement Company, not only for the protection of said interveners, but all parties holding the remainder of said bond issue, and other creditors of said amusement company. As to said motion, it is not necessary to rehearse the grounds alleged, it being sufficient to state that same were sufficient to require the court to set aside the order appointing and to vacate the appointment of said Morris as receiver; and, further, the validity of said order is not questioned by either of the parties to this appeal.

On December 30, 1930, an order was entered by Judge McCallum, requiring J. W. Gardner, Jennie Gardner, Gardner Park Amusement Company, Annie Wunderlick, J. K. Morris, receiver, and Dallas Trust & Savings Bank, to appear before the 101st district court on January 24, 1931, at 9 a. m. o'clock, to show cause why the relief sought by appellants should not be granted.

On February 3, 1931, under leave granted by the court, appellees filed their first amended original petition, alleging in a more extended and accurate manner the existence of debts held by Mrs. Gardner and Mrs. Wunderlick, maturity of the notes past due, failure to pay same on demand after maturity, the insolvency of said amusement company, and grounds for the appointment of a receiver. Said amendment was filed over appellants' objections, which, under the view we take of this case, it is not necessary to review, further than to state that, among the grounds urged, were that, the receiver having been appointed on appellees' original petition, the grounds on which said appointment was made could not be amended so as to make valid the appointment of the receiver upon said original petition, and that said amended petition did not allege grounds upon which the appointment of a receiver could be legally made.

On February 14, 1931, appellants' motion to vacate and set aside the order of November 21, 1930, appointing Joe K. Morris receiver, was duly heard and in all things sustained, all costs of suit to that date was taxed against appellee, and all costs of the receivership was taxed against said amusement company, and said receiver ordered to file his final report showing all receipts and disbursements, and return all property that came into his possession as such receiver to said amusement company. Thereafter, and on the same day, the court considered the application of appellants, and also the application of appellees presented by their first amended original petition for the appointment of a receiver of the property and assets of said amusement company, which resulted in the court finding therefrom that a necessity existed for the appointment of a receiver, and entered an order reappointing said Morris receiver of the properties of the Gardner Park Amusement Company, said order being in part as follows: "On the application of the intervenors, and the plaintiffs, it is accordingly ordered, adjudged and decreed by the Court that Joe K. Morris, of Dallas County, Texas, be and he is hereby appointed receiver of all the properties and assets, real, personal and mixed, of which the defendant, Gardner Park Amusement Company is seized and possessed or claims. * * *"

On February 14, 1931, the court heard application of receiver and appellants' contest thereto for the allowance of the following sums, viz. $500 to the receiver for services rendered by him under his original appointment and $150 to his attorneys, and entered an order thereon allowing said Morris the sum of $500 as compensation for his services as receiver from November 21, 1930, to February 14, 1931, and the sum of $150 to Bailey, Nichols & Bailey for legal services rendered by them to said receiver.

By said order the court found that said receiver had operated the business of the Gardner Park Amusement Company profitably, having shown a continued net profit therefrom, that his services were reasonably worth the sum of $500, and that the services of his attorneys were worth the sum of $150, and ordered the payment of said sums to be made out of the funds "now on hand and in his possession and belonging to the defendant, Gardner Park Amusement Company."

Appellants objected to said order, on the ground "that the indebtedness of said receiver has no right of priority over the first lien of these intervenors who are not parties to the procurement of the receiver and the corpus of the mortgaged property cannot be used up in

such receiver's costs and the lien destroyed, and said receivership not being initiated by the intervenors herein, Articles 2302–2307 of Vernon's Annotated Texas Statutes have no application, and said allowance would be improper and illegal."

■ We are of opinion that, under the facts of this case, appellants' objection to the judgment of the court taxing the amounts allowed respectively as compensation to the receiver and to his attorneys for legal services rendered him was well taken, in that said judgment did not limit the payment of said sums to be made (a) out of earnings of the business of said amusement company during the time it was conducted by said receiver, or (b) out of proceeds arising from the sale of the corpus of the property of said amusement company, remaining after the payment of all debts secured by valid prior liens thereon, thereby preventing appellants' lien from being subordinated to the allowances so made to the receiver and his attorney in the distribution of the proceeds arising from said mortgaged property. Craver et al. v. Greer et al., 107 Tex. 356, 179 S. W. 862; Hooven, etc., Co. v. T. Schriver etc. (Tex. Civ. App.) 184 S. W. 359; Van Valkenburgh v. Ford (Tex. Civ. App.) 207 S. W. 405; Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 773; Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409; Houston Ice & Brewing Co. v. Fuller, 26 Tex. Civ. App. 239, 63 S. W. 1048; First State Bank of Hubbard et al. v. Farmers' Oil & Gin Co. (Tex. Civ. App.) 178 S. W. 1015.

■ However, the trial judge, by the language of his order of February 14, 1931, limited the effect of the broad language of the judgment taxing the receiver's compensation and his attorneys' fee against said amusement company by directing payment of said sums to be made as follows: "And he (said receiver) is hereby instructed to pay out of the funds now on hand and in his possession and belonging to the defendant Amusement Company" said sums; as the word "funds," as used in said order, means cash on hand or personal asset acquired by the receiver on account of and during the operation of the business of said amusement company. City of San Antonio v. Routledge, 46 Tex. Civ. App. 196, 102 S. W. 756, 768; McCammon v. Cooper, 69 Ohio St. 366, 69 N. E. 658, 659.

The trial court will therefore, in the distribution of the assets of said amusement company, so construe and give effect to said order in regard to the payment of said sums allowed said receiver and his attorney.

■ As to appellants' objections to the court permitting appellees to file their first amended original petition, we do not think the court erred as contended by appellants. The court, having sustained appellants' motion to vacate the order appointing the receiver under appellees' original petition, effectively terminated the situation produced by that appointment as if same had never been made, and left appellees' petition subject to further proceedings, with the right of appellees to amend same for the purpose of establishing any rights asserted by them, and to invoke any remedy to that end, as if some character of exception or demurrer addressed thereto had been sustained, it not being the purpose of the amendment to appellees' petition to vitalize the appointment of the receiver under the original petition, nor to remove any of the defects therein upon which the motion to vacate the appointment of said receiver was sustained. In other words, the action of the court in vacating said receivership was not in any respect disturbed by said amendment; therefore the court did not err in permitting same to be filed.

■ Appellants contend that the order of date February 14, 1931, appointing said Morris receiver of the properties of said amusement company, was void, because the court based same on appellees' amended petition and appellants' petition in intervention, each seeking the appointment of a receiver to be made by the court; this because said amendment did not allege grounds sufficient for such appointment to be made; therefore should have been granted solely upon appellants' petition. Conceding that appellees' petition did not allege grounds sufficient to justify the appointment of a receiver, that fact would not render invalid the appointment so made, as defects in said amended petition could not operate in any respect to impair the sufficiency of appellants' allegations upon which the appointment could be amply justified and sustained. Therefore, as to the valid legal effect of said appointment, the receivership was granted per force of appellants' petition.

All assignments of error have been considered, and, finding no reversible error presented thereby, are overruled, and judgment of the trial court is affirmed.

Affirmed.