COUNTY OF BEXAR, Appellant, v. Edward MABRITO, Appellee.

No. 9542.

Court of Civil Appeals of Texas. San Antonio.

March 13, 1935.

Max N. Clifton, of San Antonio, for appellant.

H. S. Groesbeeck, of San Antonio, for appellee.

PER CURIAM.

The appellant, Bexar county, has filed no brief; and no error is apparent upon the face of the record.

The judgment of the district court is, therefore, affirmed.

EMPIRE INSURANCE COMPANY OF TEXAS, Appellant, v. Justa R. ARRIOLA, Ind. Ex'x, Appellee.

No. 3155.

Court of Civil Appeals of Texas. El Paso.

Feb. 21, 1935.

Rehearing Denied March 21, 1935.

Hutchison & Fisher, of Paris, and Alan R. Fraser, of Alpine, for appellant.

W. Van Sickle, of Alpine, for appellee.

HIGGINS, Justice.

Appellant, a mutual assessment accident company, incorporated under chapter 6, title 78, Revised Statutes (article 4784 et seq.), issued to William A. Buchanan a policy payable to his estate, whereby Buchanan was insured against death or the loss of certain members of his body, resulting from bodily injuries effected through external, violent, and accidental means. Buchanan died, and this suit was brought by the executor of his estate to recover the death benefit. It was not pleaded by plaintiff that Buchanan's death was caused by any bodily injury accidentally sustained, and upon trial it was agreed that Buchanan died "from a disease known as locomotor ataxia." The contract did not insure Buchanan against death from disease, and it being agreed that the disease of locomotor ataxia caused his death, judgment should have been rendered in favor of defendant.

The judgment is reversed and here so rendered.

PROPERTY MANAGEMENT COMPANY, Appellant, v. Chas. F. H. WEDEGARTNER et ux., Appellees.

No. 9529.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

Leo Brewer and A. N. Moursund, both of San Antonio, and Bascom Cox, of Brownsville, for appellant.

Duval West, Jr., of San Antonio, and J. P. Ellis, of San Benito, for appellees.

MURRAY, Justice.

For the error pointed out in appellant's brief, the judgment of the trial court will be reversed and change of venue ordered to one of the district courts of Bexar county, and the clerk of the district court of Cameron county is hereby instructed to compile the necessary papers and send the record pertaining to the case to the district clerk of Bexar county, for filing in the district court of the Seventy-Third judicial district, or in the district court of any other judicial district in and for Bexar county, that the parties hereto may, by mutual consent, direct.

No written opinion, giving our reasons for our judgment herein, will be filed, as this court, under the provisions of articles 1873–1876, Rev. Civ. Statutes 1925, is only required to file written reasons where the judgment of the trial court is reversed and the cause remanded. See Associated Indemnity Corporation v. Gatling (Tex. Civ. App.) 75 S. W.(2d) 294.

Reversed and rendered, with instructions.