## DALLAS BANK & TRUST CO. v. THOMPSON et al.

### No. 11947.

Court of Civil Appeals of Texas. Dallas.

Oct. 19, 1935.

See, also (Tex. Civ. App.) 78 S.W. (2d) 740.

McBride, Hamilton, Lipscomb & Wood, of Dallas, for plaintiff in error.

Thompson, Knight, Baker & Harris, Hugh S. Grady, City Atty., J. N. Townsend, Worsham, Rollins, Burford, Ryburn & Hincks and Logan Ford, all of Dallas, for defendants in error.

BOND, Justice.

In 1930, the judge of the 101st district court of Dallas county, Tex., on the application of intervening mortgagee creditors and bondholders, "suing for themselves and all other bond-holders and creditors of the Gardner Park Amusement Company," appointed a receiver of all the property of said amusement company, with plenary powers of such receiver. In the proceedings, it is shown that to secure payment of a portion of the outstanding bonds of the amusement company, the Dallas Bank & Trust Company was named as trustee in a deed of trust and chattel

mortgage and trust indenture agreement describing the property owned by the amusement company. The petition contained all of the essential allegations necessary to show that interveners were entitled to the appointment of the receiver of the properties, not only for the protection of the interveners, but all parties holding the remainder of the bond issues and other creditors of said company. Hayes v. Gardner (Tex. Civ. App.) 40 S.W.(2d) 917. Subsequently, the receiver first appointed was displaced by R. E. Thompson.

In 1934, the property involved in the receivership and covered by the trust conveyances was destroyed by fire. At the time, Thompson, the receiver, had insurance thereon in the sum of $24,000. The policies insured him, as such receiver, against loss by fire, and carried a mortgagee's clause, loss payable to Dallas Bank & Trust Company, as trustee, "as its interest might appear."

After the fire, the bank, as trustee, brought various suits, in courts other than the court in which the receivership was pending, against the insurance companies to recover the amounts named in the various policies. These suits were consolidated in the Fourteenth district court of Dallas county; the insurance company answered, made Thompson, as receiver, and various claimants parties, and tendered into court the sum of $24,000. The issues in the consolidated suit centered on the question of priority of right, title, and possession of the funds by adverse claimants thereto. After a hearing, the Fourteenth district court entered an order awarding $1,000 of the deposit to the insurance companies, as interpleader fees, and then transferred the consolidated cause to the 101st district court of Dallas county. No complaint was made as to these orders.

Subsequently, the 101st district court entered an order, consolidating the transferred cause with the receivership cause, reciting in the order that the issues and parties involved in the two causes being substantially the same, each involving the determination, classification, and fixing of the priority of the parties to the property of the amusement company, and that "the issues and parties can be more speedily tried and disposed of, and without prejudice or injury to any of said parties." The court, at the same time, also entered an order changing the custody of the fund from the clerk, where the fund had been deposited by the insurance companies, to the receiver. It is clear, we think, that in the orders of consolidation and/or the change of the custody of the funds, the court did not decide any issue or right of the parties, reserving for the future the determination, classification, and fixing of priority to the fund involved.

From the order changing the custody of the funds from the clerk to the receiver, the appellant has attempted this appeal.

The policies of insurance being made payable to the bank, "as trustee, as its interest might appear," a duty devolves upon a court to determine what that "interest" might be, if any, which in itself could be nothing but a determination of priorities, having all the parties and conflicting claims before it. The receiver had no vested title in the property of the amusement company, therefore had no insurable interest therein. It was his duty to insure the property only for the purpose of protecting it in custodia legis for the benefit of such persons as may be ultimately determined to be the beneficiaries thereof. Randolph v. Trust Company, 91 Tex. 605, 44 S. W. 70.

In a general sense, receivers represent the court and all the parties in interest in the litigation; he is appointed as a trustee or ministerial officer, representing the property or fund intrusted to him. In this case, the proceeds of the fire policies constituted assets of the receivership, and the receivership court must determine ultimately the beneficiaries thereto, that is, the priorities; too, the control and possession thereof, under the orders of the court. Robins v. Sandford (Tex. Civ. App.) 1 S.W.(2d) 520.

The moneys deposited with the clerk followed as a matter of law under the dominion, and subject to the orders of the receivership court. To change the custody of the fund from the clerk to the receiver, it was a matter within the discretion of the judge appointing the receiver, and, by so doing, did not adjudicate the priority of liens and rights among the claimants thereto. The order merely transfers the fund from one officer of the court, the clerk, to another officer of the court, the receiver; decides nothing as to the rights, title, equities, or priorities of any of the parties to the suit, or which one of them will ultimately be entitled to the fund, or a part thereof. It is in no sense final.

In our opinion, the order is clearly interlocutory, and not appealable; therefore, the motion of appellees to dismiss this appeal should be sustained and the attempted appeal dismissed; it is so ordered.

Cause dismissed.