### FENNER et al. v. LITTLE.

#### No. 9740.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied May 6, 1936.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellants.

Dodson & Ezell, of San Antonio, for appellee.

MURRAY, Justice.

For the error pointed out in appellants' brief, the judgment of the trial court will be reversed, and judgment will be here rendered granting a change of venue to the district court of Dallas county, Tex., and the district clerk of Bexar county is hereby instructed to compile the necessary papers and send the record pertaining to the case to the district clerk of Dallas county, Tex.

No written opinion will be filed. See Property Management Co. v. Wedegartner (Tex.Civ.App.) 80 S.W.(2d) 1119.

On Motion for Rehearing.

This is an appeal by the partnership of Fenner & Beane and E. H. Hulsey from an order overruling a plea of privilege filed jointly by appellants.

The plea of privilege was in statutory form and sworn to by E. H. Hulsey, who is described as a member of the copartnership of Fenner & Beane.

Appellee, M. Little, in due time filed a controverting affidavit, containing, among other things, general and special demurrers. The record does not disclose that any action was taken upon these demurrers and they were therefore waived.

Appellants then filed general and special demurrers to the controverting affidavit of appellee, which were overruled by the

court and exceptions reserved by appellants.

Appellee's controverting affidavit, omitting formal parts and exceptions, is as follows:

"For further answer to said Plea of privilege, if further answer be required, Plaintiff alleges:

"(a) That at the time of the institution of said suit and of the service of process therein Plaintiff resided in Bexar County, Texas.

"(b) That Plaintiff was informed and believed at said time that all Defendants members of said partnership of Fenner & Beane were nonresidents of Texas, but upon the allegations contained in the Plea of Privilege, he here alleges that all said Defendants, except the Defendant E. H. Hulsey, were and are nonresidents of the State of Texas, and that the Defendant E. H. Hulsey then resided and now resides in Dallas County, Texas.

"(c) That at the time said suit was filed and service of process therein was had Plaintiff believed that said partnership of Fenner, Beane & Ungerleider and its successor Fenner & Beane was a general partnership, but upon information and belief subsequently acquired Plaintiff here alleges that at all times mentioned in his Original Petition said Fenner, Beane & Ungerleider was, by agreement among the partners thereof, a limited partnership composed of Charles E. Fenner, A. C. Beane, J. N. Carpenter, E. H. Hulsey, R. B. Flinn, R. A. McCord, Sam Ungerleider, J. McCorkle, S. C. Pecot, A. S. Wyllie, J. P. Butler, Abe Ungerleider, J. L. Julian, L. L. Vivian, H. W. Long, H. R. Hastings, E. W. Noble, C. B. Dall, V. B. Cook, N. Weiden, L. W. Laudick, Mrs. A. Y. Carpenter and J. B. Dyer, Jr., and that the Defendant Hulsey was a general partner therein; that during all said time said partners were engaged in business in Bexar County, Texas, under the firm name of Fenner, Beane & Ungerleider; that on some date subsequent thereto, the exact date of which is unknown to Plaintiff and which he is unable to allege, but which, on information and belief gathered from the Plea of Privilege, he alleges to have been at the close of business October 31, 1933, said firm name was changed to Fenner & Beane; that said business was continued in Bexar County, Texas, in the same offices, with the same furniture, and with the same employees, and with the same connections, and rendering the same services, commencing on the opening of business November 1, 1933, as had been previously done; upon information and belief Plaintiff alleges that all accounts which had been held in the firm name of Fenner, Beane & Ungerleider were taken over in said new firm name, and that all contracts and benefits therefrom which had been made in the name of Fenner, Beane & Ungerleider were likewise taken over in the new firm name and the benefits thereof received, and that said new firm continued to conduct business ostensibly as the successor and continuer of the old firm without interruption; that Plaintiff had dealt with the firm of Fenner, Beane & Ungerleider over a long period and was a frequent visitor at its place of business in Bexar County, Texas, and continued to be such after November 1, 1933, and there was no notice given nor appearance of any change in said firm other than a change in name, and after said change in name said Defendants continued to do business holding themselves out to Plaintiff and to the public as in truth and in fact the same partnership as had previously existed, except for a change in name and perhaps a shift or change in a relatively small number of the large number of partners which constituted the firm; that said Defendants so engaged in business as limited partners under the firm name of Fenner, Beane & Ungerleider never filed any notice in the office of the County Clerk of Bexar County, Texas, of the period at which said partnership should commence nor at which it should terminate, and gave no notice of a dissolution nor of an intended dissolution thereof by filing the same for record and publishing such notice for any period in Bexar County, Texas, where said partners were engaged in business, and at all of said times the Defendant Hulsey was a general partner therein, and he is and should be estopped to now say, in order to escape responding to the cause of action alleged by Plaintiff, that such partnership has been dissolved and that the name under which the Defendants are now engaged of Fenner & Beane is that of a wholly separate and distinct partnership, and each of the other Defendants having engaged in business as aforesaid and having participated in the prosecution of the business under the firm name of Fenner & Beane as aforesaid should be and is es-

topped to now say that the assets belonging to said firm should not be held accountable in answer to the cause of action alleged by Plaintiff.

"(d) Plaintiff further alleges upon information and belief that at the time of the alleged change of name there was some sort of an agreement or understanding had between the members of said partnerships, if Fenner & Beane be in fact a new partnership, which Plaintiff does not admit, by which said new partnership took over the assets, organization, facilities, good will, accounts, and all other assets belonging to or which had accrued to those Defendants engaging in said business under the name of Fenner, Beane & Ungerleider, and agreed to assume the obligations incurred in the name of Fenner, Beane & Ungerleider, and if Plaintiff be mistaken in the allegation of express assumption, he then says that such assumption was imposed as matter of law by reason of the facts aforesaid.

"(e) Plaintiff alleges that the Defendant Hulsey is a proper and a necessary party, having at all times been a general partner, both while said business was prosecuted in the name of Fenner, Beane & Ungerleider and in the name of Fenner & Beane, and that he is individually jointly liable along with the firm· assets in response to the cause of action alleged by Plaintiff in his Original Petition, and that said cause of action is lawfully maintainable against the Defendant Hulsey and against the firm assets, and relief accordingly was prayed for in the Original Petition.

"(f) In the alternative, Plaintiff alleges in any event that said Plea of Privilege is not good and should be overruled because the Defendants, Charles E. Fenner, A. C. Beane, J. N. Carpenter, E. H. Hulsey, R. B. Flinn, R. A. McCord, J. McCorkle, S. C. Pecot, A. S. Wyllie, J. P. Butler, L. L. Vivian, H. W. Long, H. R. Hastings, E. W. Noble, V. B. Cook, N. Weiden, L. W. Laudick, Mrs. A. Y. Carpenter and J. B. Dyer, Jr., were each members of partnership of Fenner, Beane & Ungerleider, and are each jointly and severally liable to Plaintiff by reason of his cause of action alleged in his Original Petition against the Defendants engaged in business under the name of Fenner, Beane & Ungerleider; that each of said Defendants, except the Defendant, Hulsey, was at the time of the filing of this suit and at all times since has been and now is a nonresident of the State of Texas, and at the time of filing said suit the Defendant Hulsey was a resident of Dallas County, Texas, and plaintiff was a resident of Bexar County, Texas, and his cause of action may be lawfully maintained against all Defendants as he has sought to maintain it, jointly and severally, as partners, and Plaintiff says that in no event should it be held that the venue was improperly laid in Bexar County, Texas, but that at most upon the merits, if the facts alleged in the Plea of Privilege be true, and should be so established, Plaintiff might be entitled to his judgment only against the Defendants in this Paragraph last above named.

"Wherefore, Plaintiff prays that the Court set down for a day certain a hearing to be had on the issues joined by said Plea of Privilege and by this Controverting Affidavit, and that notice thereof be given to the Defendant E. H. Hulsey and to the Defendant Fenner & Beane by service of said notice upon the Defendant E. H. Hulsey for Fenner & Beane, and upon a hearing plaintiff prays that said Plea of Privilege be in all things overruled, and, in the alternative, that it be overruled as to said partnership of Fenner & Beane and as to the nonresident Defendants members of said partnership; and, in the alternative, that said Plea be overruled as to the Defendants named in Paragraph (f), and for general relief."

 It will be noted that the controverting affidavit does not adopt the petition as a part thereof, either by reference or as an exhibit. The only mention of appellee's petition in the affidavit is found in paragraphs (e) and (f), wherein it is stated in effect that all the defendants are each jointly and severally liable to plaintiff by reason of his cause of action alleged in his original petition against the defendants engaged in business under the name of Fenner, Beane .& Ungerleider. This mention of the original petition is insufficient to adopt it as a part of the controverting. affidavit. The following authorities are in point: Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 351, wherein the court said: "It is true that the affidavit states that reference is made to the petition, but we do not think that this statement is sufficient for any court to say that the party

who swore to it made the petition a part thereof and thereby swore to the entire petition." Moore v. Investment Finance Corporation (Tex.Civ.App.) 299 S.W. 324, 325, wherein the court says: "The plea merely says that such allegations were made in the petition, and are simply descriptive of such allegations." Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ.App.) 4 S.W.(2d) 995, 997, wherein the court said: "The law seems to be that the controverting affidavit is itself a plea and must contain allegations of fact relied upon to sustain the venue in the trial court, and if not affirmatively alleged, the affidavit must adopt the terms of the petition, either by reference or as an exhibit."

Thus we must take this controverting affidavit and consider it unaided by the petition. When the affidavit is considered alone, it is insufficient to state a cause of action against any one. It does not state any amount, the nature of the cause of action, how it arose, or whether it was under a contract or otherwise. From an examination of the affidavit it is impossible to tell what the lawsuit is about. It does not even state under what provision of the statute venue is asserted to exist in Bexar county. Duvall v. Boyer (Tex. Civ.App.) 35 S.W.(2d) 181.

Appellee contends that having sworn to his original petition, it was not necessary to make the petition a part of the controverting affiadvit, but the mention of the petition in the controverting plea was sufficient. It occurs to us that if the petition is not affirmatively made a part of the controverting plea by a clear statement to that effect, the petition cannot be considered on a hearing of the plea of privilege, whether it is sworn to or not. The authorities above cited support this conclusion.

Appellee contends, also, that this being a suit against a partnership doing business in Bexar County, venue is properly maintainable in that county under subdivision 23 of article 1995, R.S.1925. This subdivision reads, in part, as follows: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated," etc.

Neither the affidavit nor the evidence introduced is sufficient to show any cause of action against appellants. Stone Fort Nat. Bank of Nacogdoches v. Forbess (Sup.Ct.) 91 S.W.(2d) 674. The allegation and proof likewise fail to show where the cause of action arose, but it indicates that whatever cause of action appellee may have, arose in Denver, Colo. The record further fails to show that the appellant partnership was a corporation, association, or joint-stock company, with an agency or representative in Bexar county, nor is it shown that appellants' principal office is situated in Bexar county. The evidence does not show that appellant is such an association as is governed by this article. The stipulations seem to be to the contrary, wherein it is stated by counsel for appellee: "I understand the partnership as such cannot litigate."

Appellee further contends that venue exists in Bexar county under subdivision 3 of article 1995, R.S.1925, which reads as follows: "If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides." We overrule this contention. The record fails to establish the fact that appellee resides in Bexar county, but rather shows that if appellee has a residence in Texas, it is in Webb county, Tex. Longwell v. Longwell, 39 Tex.Civ.App. 612, 88 S.W. 416; Michael v. Michael, 34 Tex. Civ.App. 630, 79 S.W. 74; Ft. Worth & D. C. Ry. Co. v. Monell, 50 Tex.Civ.App. 287, 110 S.W. 504; Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.(2d) 1089.

Appellee further contends that venue should be maintained in Bexar county under subdivision 29a, article 1995, R.S.1925, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann.Civ.St. art. 1995, subd. 29a). It is clear that in order to hold venue over Hulsey in Bexar county, under subdivision 29a, appellee would first have to show that his suit was lawfully maintainable in Bexar county, which he has wholly failed to do, as we have above pointed out.

Appellee also contends that appellants having filed a joint plea of privilege and not asked that, in the event it be overruled as to one, it be sustained as to the other, they are not entitled to have their pleas separately considered. We having held that appellants were jointly entitled

to have their plea sustained, this contention becomes immaterial, and we will not discuss it further than to say that this weakness of appellants' plea was relieved by appellee's controverting plea to the effect that if the plea was good only as to one, it be overruled as to the other.

Appellee's motion for a rehearing will be overruled, and the judgment heretofore rendered adhered to by this Court.