## GARDNER v. GARDNER PARK AMUSEMENT CO. et al.

### No. 12447.

Court of Civil Appeals of Texas. Dallas.

July 23, 1938.

Rehearing Denied Oct. 1, 1938.

T. M. Dalton, of Dallas, for appellant.

J. N. Townsend, of Dallas, for appellees.

YOUNG, Justice.

This is an appeal by Mrs. Jennie Gardner, wife of J. W. Gardner, from two separate, distinct and final judgments entered by a district court of Dallas County in the receivership proceedings of Gardner Park Amusement Company. The first of said judgments was rendered on August 18, 1936, after a hearing before Honorable S. G. Tayloe, sitting for the regular court. Said judgment established Mrs. Jennie Gardner's claim to 19 bonds for $500 each, plus interest; fixed and classified the priority thereof by subordinating her claim and right to participate in the distribution of assets, to the claims of appellees herein on their 73 bonds of the same issue and amount, and receivership expenses. The second judgment involved herein was entered by the 101st District Court on October 15, 1936, by which the claims of appellees were allowed on 73 bonds, as well as attorney fees, and ordering a distribution of funds. On October 22, 1936, appellant filed her affidavit in forma pauperis in lieu of an appeal bond.

It appears that appellant and husband were parties plaintiff in the original petition and application for receiver filed about November 21, 1930.

In her fourth amended petition, filed July 29, 1936, appellant alleged the issu-

ance of the bonds above mentioned by the Gardner Park Amusement Company on August 16, 1926; all being signed by said J. W. Gardner, maker, along with the Amusement Company, of which J. W. Gardner was president. She further alleged that she and her husband, on April 26, 1926, sold certain land in Cameron County, Texas, and in part payment received notes in the aggregate of about $27,500; that these notes were transferred to her by J. W. Gardner on March 24, 1927, to be a part of her separate estate—in the nature of a gift—and out of a part of the proceeds of same the 19 bonds, on which appellant based her claim, were acquired. In this fourth amended petition, the prayer as to defendant Amusement Company, R. E. Thompson, its receiver, and Dallas Bank & Trust Company, a banking corporation, was for judgment classifying her 19 bonds on an equal basis with the 73 other bonds, in distribution of assets covered by a certain deed of trust and chattel mortgage; also for a return to receivership funds of certain fees paid to the Bank, growing out of collateral suits (the Bank being the trustee in the original bond indenture); and for a refund by the receiver of alleged excessive fees theretofore allowed and paid. For other facts that may be deemed pertinent to this litigation, reference is made to previous appeals. See Hayes et ux. v. Gardner et al., Tex. Civ.App., 40 S.W.2d 917; Dallas Bank & Trust Co. v. Thompson et al., Tex.Civ.App., 87 S.W.2d 307.

■ We must here take notice of appellees' first counter proposition, challenging the jurisdiction of this court to review the first of these judgments; it being claimed that appellant was too late in perfecting appeal therefrom. As has been stated, the issue raised by appellant in her last amended petition, for participation on an equal footing in the receivership with the remaining bondholders, was tried and an adverse judgment rendered August 18, 1936. Notice of appeal was given by appellant, but none perfected until October 22, 1936, in the form of a cost affidavit. The action of Judge Tayloe of date August 18, 1936, denying said contention of appellant, was a final order and appealable. Keystone Pipe & Supply Co. v. Liberty Refining Co. et al., Tex.Com.App., 260 S.W. 1018. Art. 2253, R.S., Vernon's Ann.Civ.St. art. 2253, provides that affidavits in lieu of costs must be filed within 20 days after notice of appeal, if the party appealing lives within the county, which is the case here. Snider v. Dallas Ry. & Term. Co., Tex.Civ.App., 25 S.W.2d 878, writ refused. Mrs. Gardner not having perfected her appeal in time to confer jurisdiction on this court, we are precluded from reviewing the alleged errors incident to the hearing of August 1936, subordinating plaintiff's claim to that of the other bond-holders. If we were privileged to consider same, however, a complete answer to plaintiff's main complaint as to such judgment is found in appellee's second counter proposition, which contains admitted facts and correctly states the law. It is here quoted: "When the husband, J. W. Gardner, having jointly with his corporation issued his promissory notes or bonds in the aggregate amount of $55,000.00 on August 16th, 1926, and on which notes or bonds he is personally liable, thereafter on March 24th, 1927, voluntarily, and as a gift, transfers to his wife, appellant, Mrs. Jennie Gardner, his property (land notes) in the amount of about $27,500.00, such transfer being prima facie fraudulent and void as to the holders of such preexisting indebtedness, the burden, when said transfer is attacked by the preexisting creditors, rests upon the wife, appellant, Mrs. Jennie Gardner, to show that her husband at the time of such transfer possessed property, other than the land notes so transferred, subject to execution within this state sufficient to pay such preexisting indebtedness". See Art. 3997, R.S.; Tex.Jur. Vol. 20, page 498, Sec. 145; Maddox v. Summerlin, 92 Tex. 483, 49 S.W. 1033, 50 S.W. 567.

Appellant made no such showing as referred to in the above proposition, and no error resulted in the particular classification of plaintiff's bonds, as fixed in such final order.

■■ Similarly, appellant's assignments of error, relating to the court order of October 15, 1936 (wherein her claim as to the Bank and for return of excess receivership fees, are impliedly denied), were not accompanied by any statement of facts, findings by the court, or proper bills of exception. The fee to the Bank's attorney was allowed after the trial court had heard the claims of the parties, "the evidence thereon and the argument of counsel". In the absence of evidence or testimony on which the lower court based his judgment as to the facts and issues embraced in these assignments, this court will not

review such matters, same being fact questions before the trial court. Whether or not the fees in question, as allowed, were erroneous or excessive, dependent upon the character, value and extent of the services rendered—disputed issues for the initial court—and which we are unable to review without a factual basis. Even assuming that the trial court decided any of the matters complained of without evidence, proper bills of exception should have been reserved. However, the judgment under discussion recites a hearing of evidence and argument of counsel on all issues therein disposed of. Tex.Jur. Vol. 3 (Appeal & Error) Sec. 378, page 538, says: "As a general rule contentions or assignments of error which depend upon or require a consideration of the evidence or the facts cannot be considered or passed upon by the appellate court in the absence of a statement of facts, or, in cases tried by the court without a jury, when there is no statement of facts and no conclusions of fact were filed by the trial court * * *."

Appellant's assignments, upon consideration, are overruled and the judgment of the trial court is affirmed.

Affirmed.