**BAGNALL v. BAGNALL.**

No. 10627.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1939.

Rehearing Denied Dec. 30, 1939.

Sidney P. Chandler, of Corpus Christi, for plaintiff in error.

I. M. Singer and C. O. Hamlin, both of Corpus Christi, for defendant in error.

MURRAY, Justice.

Carolyn M. Bagnall sued her husband, W. W. Bagnall, for a divorce' which was granted, and concerning which action by the trial court no questions or objections are raised upon this appeal. However, the judgment goes further and makes a property settlement between the spouses and from this part of the judgment Carolyn M. Bagnall has prosecuted this appeal by means of a writ of error.

There is no statement of facts in the record. No findings of facts or conclusions of law were requested of the trial judge and none were made, except such as appear in the final judgment.

The trial court, after awarding each spouse certain properties as their respective separate property, awarded W. W. Bagnall a personal judgment against Carolyn M. Bagnall as a matter of accounting between the two in the sum of $1000.

Plaintiff in error, Carolyn M. Bagnall, complains of the granting of a personal judgment against her, and assigns such action on the part of the trial court as error, because of an alleged want of pleading to support such a personal judgment.

Carolyn M. Bagnall, in her prayer contained in her first amended original petition upon which she went to trial, prayed, among other things, as follows: "And that she have an accounting of the amount due and owing to her by the defendant, and of the amount due and owing by her to the defendant." W. W. Bagnall in his first amended original answer prayed as follows:

"Wherefore, this Defendant prays that the Plaintiff herein be held and compelled to render an accounting herein showing source and amounts of all monies and properties received since the marriage of Plaintiff and Defendant, and the disposition, if any, of any and all such monies and property.

"Defendant further prays the Court that in the event·a divorce be granted herein that community property of Plaintiff and Defendant be divided between Plaintiff and Defendant by decree and this Defendant be entitled to an undivided one-half (½) interest in all of said property. Defendant further prays that in the event Plaintiff be decreed to have a right to occupy the property situated in Nueces Bay Heights as a homestead that this Defendant have an equal right and that this Defendant have an equal portion of any revenue derived from the rent of said property.

"Defendant further· prays that Plaintiff recover no Attorney's fees and that Defendant recover all costs of this proceeding and that Defendant have such other and further relief, both special and general, in law and in equity which he may be justly entitled to receive."

It is clear that both the plaintiff and the defendant below were asking for an accounting concerning their property rights and the court, under the authority given it by Art. 4638, Vernon's Annotated Civil Statutes of Texas, could use its discretion in making an equitable division· of the property and could properly have rendered the judgment here rendered. The pleading of both parties asking for an accounting would be sufficient to support such a decree. We cannot say that the court abused its discretion, in the absence of a statement of facts. Fain v. Fain, Tex. Civ.App., 6 S.W.2d 403; Preibisch v. Lay, Tex.Civ.App., 122 S.W.2d 670.

Plaintiff in error next complains that the trial court invoked the wrong method in determining the amount, if any, plaintiff in error was indebted to defendant in error. We overrule this contention. In the absence of a statement of facts or findings of facts, we must presume that the judgment was supported by the evidence and that the trial court rendered judgment for the correct amount as shown by the evidence. The findings made by the trial judge in the judgment do not show that the judgment was incorrect and, unless such findings do so show, this Court will presume that the judgment is for the correct amount. Longwell v. Longwell, 39 Tex. Civ.App. 612, 88 S.W. 416; Preibisch v. Lay, supra; Gardner v. Gardner Park Amusement Co., Tex.Civ.App., 119 S.W.2d 1064; Blanton v. Garrett, Tex.Civ.App., 124 S.W.2d 451; Universal Credit Co. v. Richey, Tex.Civ.App., 123 S.W.2d 963; Fitts v. Carpenter, Tex.Civ.App., 124 S.W. 2d 420; 3 Tex.Jur. 1037.

Defendant in error contends, by cross-assignment of ·error, that the court erred in allowing plaintiff in error the sum of $250. as attorney's fees. We overrule this contention. In the absence of a

statement of facts or of findings of facts by the trial court we are unable to say that the trial judge erred in allowing the attorney's fees.

The judgment is affirmed.