[Civ. No. 847.   Third Appellate District.—April 26, 1911.]

ELIZABETH A. O'BRIEN, as Special Administratrix of the Estate of JOSEPH O'BRIEN, Deceased, Respondent, v. CHARLES F. O'BRIEN, Personally, and as Surviving Partner of the Firm of CHARLES F. O'BRIEN & COMPANY, Appellants.

ACTION—VENUE—MOTION FOR CHANGE TO RESIDENCE OF DEFENDANT— ERROR IN DENYING MOTION—PROPER SHOWING—INSUFFICIENT REBUTTAL.—An order denying a motion of the defendant in an action to change the place of trial thereof to another county, shown to be the county of his residence by his unqualified affidavit, is erroneous, where the counter-affidavit for the plaintiff is insufficient in rebuttal thereof, in merely reciting that some nine months previously he testified that he then "lived" in the county of the venue, in a legal proceeding, and that plaintiff is "certain" and "convinced" that he is a resident of the county of the venue, without stating any facts forming the basis of such "certainty" or "conviction," and where it appears that it was found upon her application in such legal proceeding, that he had removed from such county to the county now claimed as his residence.

ID.—SUFFICIENCY OF AFFIDAVIT OF RESIDENCE BY DEFENDANT — STATEMENT OF PROBATIVE FACT.—An affidavit made by the defendant as to the place of his residence, upon his motion for a change of venue thereto, which unqualifiedly states that he is a resident of the county to which he requests that the trial of the action be changed, is a statement of a probative fact, to which he is qualified to testify.

ID.—AFFIDAVIT OF THIRD PARTY—STATEMENT OF DEFENDANT'S RESIDENCE A MERE CONCLUSION.—The affidavit of a third party, or of the plaintiff, as to the residence of the defendant, no matter how unqualifiedly made, is but a conclusion of the affiant.

ID.—CONFLICT NOT RAISED BETWEEN AFFIDAVITS OF DEFENDANT AND OF PLAINTIFF.—It is held that the facts stated in the rebutting affidavit for the plaintiff do not contradict in the slightest degree the unqualified declaration of the defendant, and the rule of conflict of evidence cannot be invoked in favor of the order denying the motion.

ID.—PREVIOUS "LIVING" IN COUNTY OF VENUE.—The statement of defendant nine months before suit, that he then "lived" in the county of the venue, does not show that he was then a resident thereof. A person may "live" at a place and still not be a resident thereof in the legal sense of that term.

ID.—CHANGE OF RESIDENCE.—Assuming that defendant intended to state that at a time nine months previous to the commencement of this

action he resided in the county of the venue, such fact would not be inconsistent with the unqualified statement in his affidavit that when this action was commenced he resided in another county, to which his affidavit relates.

ID.—CORROBORATION OF AFFIDAVIT OF DEFENDANT—CHARGE AND FINDING OF REMOVAL FROM COUNTY OF VENUE.—The unqualified affidavit of defendant as to his residence is corroborated by a proceeding in which plaintiff sought to remove defendant as executor of a will in the county of the venue, on the ground that he had moved therefrom to the county now claimed by him as a residence, and the finding of the court that he had so moved, and was engaged in business therein, prior to the institution of this suit, and the appointment of plaintiff as administratrix in his stead, on that ground.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion of defendant to change the place of trial to the county of Los Angeles.    Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Frank James, E. C. Chapman, and Frank W. Taft, for Appellants.

Lent & Humphrey, for Respondent.

HART, J.—This is an appeal from an order denying defendant's motion for a change of the place of trial from the city and county of San Francisco to the county of Los Angeles.

The suit by the plaintiff is for an accounting of the partnership transactions between the defendant and the deceased and for a judgment for one-half of such net profits accruing from the business conducted by defendant and said deceased as such accounting may disclose.

It appears from the complaint that the defendant and the deceased, Joseph A. O'Brien, in the year 1907, established themselves into a copartnership for the purpose of conducting the business of selling, for a commission, lands and suburban properties situated in the neighborhood of the city of San Francisco; that said partners were to share equally in the profits of said business; that, up to the time of his death, the deceased carried out and performed each and all the terms

of the agreement upon which said partnership was to be con-
ducted, "and thereby became entitled to receive as a member
of said partnership, and as his proportionate share of the
net profits arising from the conduct of said business, one-half
of such net profits."

On the twenty-ninth day of December, 1908, Joseph A.
O'Brien died in the city of San Francisco, leaving a last will
and testament, "in and by which he named the said Charles
F. O'Brien as executor of said will, with the request that he
be not required to give bond as such executor."

The complaint shows that defendant, in due time, qualified
as such executor, and that letters testamentary were issued
to him.   It is alleged that defendant, after the death of Joseph
A. O'Brien, continued in the possession of said partnership
business and the property thereof.   It is charged that defend-
ant, in the execution of his duties as such executor, willfully
failed to account in his inventory filed by him in the matter
of said estate for the interest of the deceased in said partner-
ship, and that he did not at any time have such interest ap-
praised; that for the neglect so charged the defendant, after
due proceedings, was, on the eighth day of October, 1909,
suspended by the court as such executor, and that, on the
twenty-second day of October, 1909, the court appointed plain-
tiff as special administratrix of said estate, "with full power
to take charge and management of and enter upon and pre-
serve said estate and the property thereof from damage, waste
and injury, and for such purpose and all necessary purposes
to commence, maintain and defend suits or other legal pro-
ceedings."

The complaint alleges that plaintiff is the widow of the said
Joseph A. O'Brien, deceased; that no children were born to
their marriage, and that she is the sole legatee and devisee
under his said will of all property and estate of which he died
seised or possessed.

The complaint was filed on the thirtieth day of October,
1909.

On the eighteenth day of November, 1909, the defendant
served on plaintiff and filed a general demurrer to the com-
plaint, a demand for a change of the place of trial of said ac-
tion, a notice of motion to change the place of trial and an
affidavit of merits.

The notice stated that the motion would be made upon the affidavit of the defendant and upon the papers and pleadings on file in said action, and upon the ground that the defendant, neither at the time of the commencement of said action resided, "nor now resides, in the said city and county of San Francisco; and that the defendant, at the time of the commencement of said action, resided and now resides in the county of Los Angeles, in said state."

The affidavit of merits filed by defendant declares, among other things, "that at the time of the commencement of said action he resided and now resides in the county of Los Angeles, state of California; that affiant neither at the time of the commencement of the action resided, nor now resides, in said city and county of San Francisco," etc.

In rebuttal of the affidavit filed by plaintiff in resistance to the motion, which we shall later examine, and in corroboration of the allegations contained in his affidavit of merits of his residence in Los Angeles at the time of the commencement of this action, the defendant, at the hearing of the motion, introduced in evidence a petition, verified by the plaintiff on the fourth day of June, 1909, praying for the removal of defendant as executor of the estate of the deceased, and in which, *inter alia*, she alleges, upon information and belief, that the defendant "moved from the city and county of San Francisco, state of California, to the city of Los Angeles, and is engaged in business in the said city of Los Angeles, state of California, and in Mexico," etc. The court, as the basis of its order removing defendant from the office of executor of the will of deceased, made findings of fact from the proof adduced in said proceedings for removal, and said findings were, by defendant, introduced at the hearing on this motion. Among other findings, the court made the following: "That the said Charles F. O'Brien has moved from the city and county of San Francisco, state of California, to the city of Los Angeles, state of California, and is engaged in business in said city of Los Angeles, county of Los Angeles, state of California, and in Mexico." The order made suspending the defendant from the position of executor was made on the eighth day of October, 1909, twenty-two days prior to the institution of this suit.

The affidavit filed by the plaintiff in resistance to the motion, after reciting in detail the history of the alleged mismanagement of the estate by defendant and the proceedings leading to the order removing him as executor of the last will of deceased, alleges: "During the proceedings taken in the matter of said estate and particularly on the twenty-ninth day of January, 1909, the said Charles F. O'Brien appeared in department 9 of this court before Judge Coffey, and testified under oath as follows: 'What is your name?' A. 'Charles F. O'Brien.' The Court: 'Mr. O'Brien, where do you live?' A. 'Why, at this time I live at 1560 Sacramento street.' And at various times after, until very recently, the said Charles F. O'Brien has testified that his residence is in the city and county of San Francisco." It is further alleged in said affidavit that during the lifetime of the deceased, and after his death, "the principal business carried on by the partnership of O'Brien & Garratt (of which firm defendant and deceased were members) was the sale of lands situate in the Yaqui valley, Mexico, and said firm of O'Brien & Garratt acted as agents of David Richardson & Co. for the sale of said lands, the principal place of business of said company being in Los Angeles, and said Joseph O'Brien and Charles F. O'Brien made many and varied trips to the city of Los Angeles, in connection with the said business, but throughout said time both kept and maintained their residence in the city and county of San Francisco. . . . I am certain that Charles F. O'Brien has gone to Los Angeles on business matters for a limited time, as he has often done heretofore, but has not gone there to establish a residence nor to abandon his local residence in San Francisco, and his purpose in going to said city of Los Angeles is to avoid the trial of this action in said city and county of San Francisco, and to annoy, harass and inconvenience me as plaintiff herein and to prevent me from prosecuting this action. . . . The said Charles F. O'Brien repeatedly told me that if I crossed him in any way in this estate that he would see that I never received a cent and I would lose any property that I might have, and I am convinced that his residence is still in the city and county of San Francisco and that he is pretending that his residence is in Los Angeles, in pursuance of the threats aforesaid and

for the purpose of harassing and annoying me and causing me great expense.''

Briefly, the foregoing is a recapitulation of all the statements contained in the affidavit of plaintiff that can be construed to bear, either directly or indirectly, upon the question at issue on this motion, and in our judgment they do not contradict in the slightest degree the unqualified declaration of the defendant in his affidavit of merits that he was, at the time of the commencement of this action, and is now, a resident of the city of Los Angeles. The rule as to the conflict of evidence upon the question of defendant's residence cannot, therefore, be invoked here. All the evidence worthy of the name is one way and, obviously, under such circumstances, there can be no conflict.

The only part of plaintiff's affidavit that may be said to tend to support her contention upon the question of defendant's residence is where it is made to appear that defendant, about nine months prior to the date of the commencement of this action, testified: ''At this time I live at 1560 Sacramento street,'' from which testimony it might reasonably be inferred that he meant to say that in January, 1909, he resided on a street of that name in the city of San Francisco, although he did not say so in direct terms. A person may ''live'' at a place and still not be a ''resident'' thereof in the legal sense of that term. But, assuming that he intended to say that, at the time he answered the question then propounded to him, he was a resident of San Francisco, which is by no means clear, or let it even be assumed that, in point of fact, he did reside there then, still there is nothing in his testimony then given, nor would there be in the fact of his residence there then, inconsistent with the statement in his affidavit of merits that, on the thirtieth day of October, 1909, when this action was instituted, he was a resident of the county of Los Angeles.

The averments of plaintiff's affidavit, ''I am *certain* that Charles F. O'Brien has gone to Los Angeles on business matters for a limited time, . . . but has not gone there to establish a residence nor to abandon his local residence in San Francisco,'' and ''I am *convinced* that his residence is still in the city and county of San Francisco,'' etc., involve the statement of no fact but are mere conclusions of the affiant.

She does not set forth any facts by which she has become *certain* or has been *convinced* that defendant's residence is or was, when this action was brought, in the city of San Francisco. It was for her to present facts that would produce certainty in the mind of the court to which the application for the change was made and convince it that the defendant resided within its jurisdiction when the complaint was filed. It might transpire that facts that would convince affiant that the defendant was a resident of San Francisco might not be of sufficient probative value to so convince the court. And, of course, it was for the court and not for the affiant to be convinced of the truth of the ultimate fact submitted for determination by this motion; hence the necessity and importance of disclosing by her affidavit, if she has not so disclosed them, all the facts which she declares had made it certain to her defendant was, at the time of the commencement of this action, a resident of San Francisco. If she has set forth in her affidavit all the facts available to her on the proposition, then, as stated, while, looking at them from her point of view, they may possess much power of persuasion in the direction to which they are addressed, they are not, in our opinion, of such a character as to overcome or even to directly contradict defendant's unqualified declaration that he then resided in the city of Los Angeles. They, in other words, fall far short of showing that defendant resided in San Francisco at the time referred to.

Moreover, defendant's affidavit of merits is to some extent corroborated, as has been seen, by the statement contained in plaintiff's petition, verified by her on the fourth day of June, 1909—a little over four months prior to the institution of this action—praying that defendant be ousted as executor of her deceased husband's will, that on her information and belief, defendant had moved from the city and county of San Francisco to the city of Los Angeles, and had engaged in business in said last-mentioned city. This, it may here be observed, was one of the grounds upon which she based her prayer for the removal of defendant from the office of executor of the last will of deceased, the petition alleging that by reason of his absence from the city of San Francisco, he was unable to properly attend to his duties as such executor, "all of which is to the serious damage and detriment of said estate and the

property thereof.'' And the court (presided over in that proceeding by a judge other than the judge who heard and determined this motion) found, on the eighth day of October, 1909, in said proceeding to remove defendant, as already seen, that ''the said Charles F. O'Brien has moved from the city and county of San Francisco, state of California, to the city of Los Angeles, state of California, and is engaged in business in said city of Los Angeles,'' etc.

The foregoing, as we have already shown, was made only twenty-two days antedating the day on which this action was begun.

It is not clear whether, by said allegation in plaintiff's petition to oust defendant from the office of executor and by the finding of the court as to the fact involved in said allegation, it was intended by the plaintiff to declare and by the court to find that defendant had then established his residence in the city of Los Angeles. Of course, a person may *move* to a place for temporary purposes and may *engage in business* there without establishing a legal residence at such place or an intention to do so; yet, vernacularly, the phrase, ''moved to the city of Los Angeles'' would be accepted as carrying with it an intention to take up a permanent abode in said city, and we have little doubt that such was the meaning plaintiff intended to convey by the use of that language in her petition to remove the defendant. At any rate, whatever may be the real import of the allegation and finding referred to, if they are entitled to any weight at all in the consideration of the question here, it is in support of defendant's contention that he was a resident of the county of Los Angeles when this action was begun.

It is true that the defendant merely declares, in his affidavit, ''that at the time of the commencement of said action he resided and now resides in the county of Los Angeles, state of California; that affiant neither at the time of the commencement of the said action resided, nor now resides, in said city of San Francisco.'' These allegations may, in a sense, involve a legal conclusion, the proposition whether he ''resided and resides'' in the city of Los Angeles and not in the city of San Francisco being the very question at issue and submitted by this motion for the court's decision. But we think that, on a motion of this character, in the case of the defendant's

affidavit, wherein, without qualification, he states his residence to be at a certain place, without giving other facts to support the statement, such allegation should be construed to be and treated as the statement of a probative fact—that is, that it is intended to and does carry with it all the essentials of a legal residence. The defendant himself knows better than any other person whether he has established a legal residence in a particular city or a county. He knows or must be assumed to know what his intention is with respect to becoming or not becoming a resident, in the legal sense, of a place to which he "moves." The defendant here knows much better than any other person could know whether, in going to Los Angeles and establishing himself in business there, his intention was then to make or not to make that city his permanent place of residence. Therefore, as stated, when he deposed that, at the time this action was commenced, he *resided* and still *resides* in Los Angeles, it must be assumed that he thus deposed with full knowledge of the legal import of those terms or of all the requisites of a legal residence, and that he intended that his affidavit should be so construed and understood. Indeed, there can be no doubt but that he intended that his affidavit should be so understood and that it should be accepted as bearing such meaning. Viewed in this light, his affidavit is sufficient to make, in his behalf, upon the question of residence, a *prima facie* showing, which, unless overthrown in a proper way by a counter-showing on behalf of plaintiff, must stand as the basis of the order on this motion. As declared, the plaintiff has signally failed to overcome the showing made by defendant.

It is true that we held in the case of *Bernou* v. *Bernou,* 12 Cal. App. Dec. 183, [114 Pac. 1000], that the affidavit of a party, other than the defendant, filed in behalf of the latter on his motion for a change of venue, and in which it was merely alleged that the affiant "of his personal knowledge knows that defendant has been and is a *bona fide* resident of the city of San Francisco," without alleging the facts upon which he based such "knowledge," was without any probative value whatsoever. And to that proposition we still adhere. But, in our opinion, there should be much more required in an affidavit made by a party other than the defendant himself, and used as a basis for a motion of the

character of the one involved here than in an affidavit to be used for the same purpose, made by the defendant, whether the affidavit of such other party is for or against the defendant. The affidavit of a party other than the defendant himself should, to be of any value as proof addressed to the question of residence, on a motion of this kind, state some fact or facts by which the court may be aided in forming some conclusion of its own upon the question of defendant's residence. In other words, the mere declaration by an affiant, other than the defendant himself, that the latter "resides" in or is a "resident" of a county other than that in which the action has been instituted would constitute a conclusion of the witness as well as of law, pure and simple, for he could know nothing of the defendant's intention with respect to the establishment of his place of residence, except from extrinsic circumstances, upon which alone he must base his conclusion as to the question whether the defendant has or has not become a resident, in the legal sense, of the particular place referred to in his affidavit. With the circumstances by which such affiant has arrived at his conclusion the court should be made acquainted and itself thus afforded an opportunity to pass upon their weight and value as proof of the fact to be decided. As we stated, when referring to the affidavit of plaintiff, a fact or circumstance which might appear to the lay mind to possess much force might, under judicial scrutiny, be found to be of no probative significance whatsoever.

However, we are, as declared, of the opinion that the court below made a mistake in denying the motion on the showing disclosed here, and the order appealed from must therefore be reversed, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.