In the Matter of the Claim of ANTHONY FLORIO, Respondent, against DANIEL ASSAEL et al., Doing Business as SUNKIST SALES, et al., Appellants. WORKMEN'S COMPENSSATION BOARD, Respondent.— Appeal from an award of the Workmen's Compensation Board. The appellant copartners are in the business of selling ice cream and other products. Claimant's relationship with the partners was that he sold their products at retail. He contends, and the board has found, that there was an employer-employee relationship. The partnership contends that it was a "sales" relationship, and that claimant occupied a position similar to an independent contractor in buying the products which he in turn sold to the public. The partnership owned twenty-two pushcarts from which ice cream and other products were sold by peddlers in the streets of New York City. The pushcarts were numbered, but did not carry the name of the partnership. They did carry the name of a product sold by the partnership. Claimant was given a pushcart for the use of which no charge was made and no deposit required. He was required to return the pushcart at the end of each day. He was restricted against infringing on the territory of other peddlers selling the products of the partnership. There was a restriction against selling near a school. There was a requirement that claimant sell at least $5 worth of products each day or the relationship would be terminated. He was required to pay for the products within twelve hours. In the course of carrying out this enterprise, the pushcart was struck by a bus on the street and the claimant injured. The finding of the board that the claimant was an employee of the partnership as a salesman on commission compensation has a sufficient foundation from an evaluation of the facts suggesting direction and control of the claimant to require that the award be sustained. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Santry and Bergan, JJ.

In the Matter of the Claim of ONETA M. GOMEZ, Respondent, against BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Decedent died as a result of silicosis which the board found that he had contracted in his employment. Appellant urges that there is no evidence to sustain the finding of the board, and that the presumption of an injurious exposure (Workmen's Compensation Law, former § 67) was inapplicable. We think that under all the circumstances disclosed we cannot say that there was no evidence to support the findings, or that the presumption did not apply. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Santry and Bergan, JJ. [See 275 App. Div. 725.]

MORRIS SCHWARTZ, Respondent, v. Y. SCHWARTZ, Doing Business under the Name of "MAPLE AVENUE FARMS", Appellant.— Appeal from an order of the Special Term, Madison County, dated December 6, 1947, denying a motion by defendant to change the place of trial from Cortland County to Madison County. The affidavits presented indicate that the plaintiff maintained two residences one of which is situate in Cortland County, where the action was brought. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ.