[Civ. No. 3981. Fourth Dist. July 14, 1950.]

CREDIT BUREAU OF SAN DIEGO, INC. (a Corporation),
Respondent, v. IRVIN T. CLARK et al., Appellant.

Leslie E. Hubbard and Frank L. Stearns, for Appellant.

Ruel Liggett and Roy M. Cleator for Respondent.

MUSSELL, J.—Plaintiff, as assignee, commenced the within
action in the county of San Diego to recover sums alleged to
be due from the defendant under a contract. The contract
contains no recital as to the place where it was executed and
contains no statement as to the place where the payments under
it were to be made.

The defendant is a resident of Orange County and was served
with process therein. He filed an answer and a notice of motion
for change of venue, together with an affidavit of merits, and
an affidavit stating that he was at all times a resident of Or-
ange County, and that the contract sued upon was made, exe-
cuted and delivered in the county of Los Angeles.

In opposition to the application for change of venue, plaintiff filed the affidavit of one of its assignors, stating, among other things, that on the 6th day of January, 1948, the contract herein sued upon was prepared and executed in writing at a certain office in San Diego and that all payments to be made thereunder were to be made to the said assignors at the said city.

The complaint contains an allegation ''That the transaction and indebtedness sued upon herein and hereafter referred to was made and is payable in the county of San Diego, State of California.'' Defendant's contention is that the action should be tried in the county of his residence and that the court erred in failing to grant the motion for change of venue.

The determination of the question here involved involves a consideration of the provisions of section 395 of the Code of Civil Procedure, the applicable portion of which is as follows:

''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, . . . resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

As is contended by the defendant, the normal right of a defendant is to have the action tried in the county of his residence and for the cause to be triable elsewhere, plaintiff must bring himself clearly within the terms of such statutory exception, (*Bybee* v. *Fairchild*, 75 Cal.App.2d 35, 37 [170 P.2d 54]) and the statute permitting a defendant to have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right. (*Lyons* v. *Brunswick-Balke etc. Co.*, 20 Cal.2d 579, 582 [127 P.2d 924, 141 A.L.R. 1173].) However, in the instant case, under the quoted provision, the place where the contract was ''In fact entered into'' is a proper county for the trial of the action and the county in which the obligation is incurred is deemed to be the county in which it is to be performed, in the absence of a special contract in writing to the contrary.

In *Wilson* v. *Hoffman*, 81 Cal.App.2d 664, 666 [184 P.2d 951]; and *Armstrong* v. *Smith*, 49 Cal.App.2d 528, 532 [122 P.2d 115], the rule is recognized that the place where the

contract was in fact made is a proper county for the commencement of the action.

 The record shows that there was a direct conflict in the evidence as to where the contract sued upon was made and executed. This conflict presented a question for the trial court. It resolved that conflict in favor of the plaintiff and evidently believed the allegation of the complaint and affidavit of the witness Dunn rather than the statements contained in the affidavit of the defendant. Under such circumstances, the finding of the trial court on the conflicting issues of fact will not be disturbed on appeal. (*Mitchell* v. *Kim*, 42 Cal. App. 111, 114 [183 P. 368]; *Lake Shore Cattle Co.* v. *Modock Land & Livestock Co.*, 108 Cal. 261, 262 [41 P. 472]; *Gallo* v. *Boyle Mfg. Co., Inc.*, 35 Cal.App.2d 168, 169 [94 P.2d 1010]; *Harbinson* v. *Affeldt*, 75 Cal.App.2d 499, 504 [171 P.2d 474]; *C. H. Parker Co., Inc.* v. *Exeter Refining Co.*, 26 Cal. App.2d 610, 611 [79 P.2d 1114].)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.