ANNA G. OELKERS et al., Plaintiffs, *v.* CARL HULSEBERG et al., Defendants.*

Supreme Court, Special Term, Suffolk County, June 21, 1951.

*Bond, Schoeneck & King (Fowler & Kendrick* of counsel), for defendants.

*Kopf, Rosenbluth & Wolen* for plaintiffs.

COLDEN, J. Motion by defendants for a change of venue. Defendants are residents of Chenango County. Plaintiffs concededly reside in Union City, New Jersey. They claim, however, that they also reside at Huntington Station, Suffolk County, where they have brought this action.

Plaintiffs have resided in Union City, New Jersey, for about two years. As recently as March 17, 1951, and April 21, 1951, the plaintiffs gave a Union City address as their residence when applying for automobile drivers' licenses. A post card mailed by the plaintiff wife to the defendant wife from Jersey City on April 17, 1951, bears a return address in Union City, New Jersey.

Defendants' investigation of the address given by the plaintiffs as their residence in Huntington Station revealed that the plaintiffs were living there as roomers and did not take their meals there. The owner of the house said she knew little about the plaintiffs because they had been there only a short time. In opposition to this motion, plaintiff wife states merely that on April 20, 1951, when this action was commenced, she was a resident of Huntington Station. She does not state for how long nor does she deny that she has only a room and does not

---

* Affd. without opinion 279 App. Div. ——, decided Nov. 19, 1951.

take her meals there. This hardly qualifies her as a resident.

While residence, as used in section 182 of the Civil Practice Act, is no longer synonymous with domicile and a party may have more than one residence (*Bradley* v. *Plaisted,* 277 App. Div. 620; *Schwartz* v. *Schwartz,* 274 App. Div. 1082; *Hurley* v. *Union Trust Co. of Rochester,* 244 App. Div. 590), nevertheless the term '' residence '' implies more stability than a mere stop over at a hotel or rooming house or a vacation at a seashore or mountain resort (*Washington* v. *Thomas,* 103 App. Div. 423). While a party need not intend to remain permanently, he must have some intention of remaining (*Hurley* v. *Union Trust Co. of Rochester, supra,* p. 593).

The renting of a room at Huntington Station shortly before the institution of this action does not make the plaintiffs residents of that place. The motion for a change of venue is granted.

Submit order.