SPURLIN, Appellant, v. SIEBRASSE et al., Respondents

(49 N. W.2d 604)

(File No. 9214. Opinion filed October 30, 1951)

**Morgan & Neumayr,** Gettysburg, for Appellant.

**Kostboth & Tschetter,** Gettysburg, for Respondents.

SICKEL, J. This in an action brought to recover the contract price for harvesting grain and to foreclose a combiner's lien for the amount due. Defendants' answer contains a motion to dismiss on the ground that plaintiff's complaint does not state facts sufficient to constitute a cause of action. The court granted defendant's motion and entered judgment dismissing the action on the merits. Plaintiff appeals.

The motion to dismiss was granted upon the ground that the plaintiff had failed to comply with SDC 64.0201(2) relating to the filing of workmen's compensation bond and certificate of insurance.

SDC 64.0201 provides: "Except as otherwise provided in this section, this title shall not apply to the following classes of employees: * * *

"(2) Farm or agriculture laborers, except that:

"(a) The provisions of this title, not inconsistent with the provisions of this subdivision, are extended and shall apply to the business of operating threshing machines, grain combines, corn shellers, cornhuskers, shredders, silage cutters, and seed hullers for profit, but shall not apply to the operation of any thereof by the owner thereof for the threshing, combining, corn shelling, cornhusking, shredding, silage cutting, or seed hulling of his own grain crops, nor to any operations in the nature of exchange of work between farmers, nor to persons who are not generally engaged in the operation of such machines for commercial purposes. Before any person engaging in such business, and being under the provisions of this title, shall operate any such machine, he shall secure his liability under this title as provided in section 64.0106, and the policy of insurance or certificate of agreement or group insurance required under section 64.-0106 shall be filed in the office of the clerk of the Circuit Court of the county in which such person resides and be open for public inspection. All contracts by any such person for threshing or combining of any grain, corn shelling, cornhusking, shredding, silage cutting, and seed hulling by machinery without first having procured and filed such policy or such certificate, shall be null and void, and no compensation shall be recoverable thereunder". SDC 64.-

0106, referred to in the above statute, relates to workmen's compensation.

Appellant concedes that he was engaged in operating a grain combine in South Dakota during the harvest season of 1950 and that he did not file a bond or certificate of insurance anywhere in South Dakota. He contends, however, that he was never a resident of the State of South Dakota; that the laws of South Dakota do not provide a place for filing a workmen's compensation bond and certificate of insurance by an operator who does not reside within the state, and that, therefore, he has not violated the above statute.

It was stipulated between the parties as a fact "that at all times material hereto plaintiff's permanent home and place of residence was and is at the City of Clovis in the State of New Mexico". It was also stipulated that in the harvest season of 1950 plaintiff was engaged in operating a combine for commercial purposes and harvested small grain in New Mexico, Colorado, South Dakota and North Dakota, carrying with him his operating crew. As part of his equipment he moved from job to job with a house trailer in which he and his wife slept and which was used to board the crew.

Upon the facts, as stipulated, the circuit court decided that plaintiff's actual and permanent residence during all times material to this controversy was in the State of New Mexico; that plaintiff resided in the State of South Dakota within the meaning of the above statute while combining defendants' oats and that it was, therefore, plaintiff's duty to file the required bond and insurance certificate in the office of the clerk of courts of any county in South Dakota in which he had a temporary residence. The decision implies that plaintiff had a temporary residence in his trailer house while stationed in Potter County during his combine operations and that such temporary residence was sufficient to impose upon plaintiff the duty to file the bond and security agreement in the office of the clerk of the circuit court of Potter County.

■ This court has decided that "A residence is established by personal presence in a fixed and permanent abode,

with the intent of remaining there". Appeal of Lawrence County, 71 S. D. 49, 21 N.W.2d 57, 58.

The stipulation of the parties and the findings of the court establish the fact that there was no permanency about plaintiff's presence in Potter County. Plaintiff was a transient combine operator, following the harvest from south to north through four states as the grain ripened. He was personally present in South Dakota, but had no fixed and permanent abode in this state, and nothing in his conduct shows any intention of remaining here.

We, therefore, conclude that plaintiff had no residence in any county in this state in 1950 and that the statute imposed upon him no duty to file a workmen's compensation agreement in this state. The facts disclose no legal ground for the defeat of plaintiff's claim for combining defendants' grain.

Judgment reversed.