323 P.2d 586]

**Appellate Department, Superior Court, Los Angeles**

[Civ. A. No. 9458.   Mar. 18, 1958.]

MERCEDES ENTER, Respondent, v. LEE CRUTCHER, Appellant.

Myers, Martin & Leedy for Appellant.

Ray H. Enter for Respondent.

DAVID, J.—This action is brought upon two accepted bills of exchange upon which the defendant was both drawer and acceptor, directing plaintiff's assignor, upon acceptance, to charge the sums so due to defendant's account, in accordance with the advices of the defendant. The acceptances were executed in the city of San Jose, Costa Rica. No place of presentment or payment was specified in the documents in question. The verified complaint alleges assignment of the documents to the plaintiff, that residence of plaintiff is in Los Angeles, Los Angeles County, California, and that "Defendant is also a resident of Los Angeles, California."

The defendant made a motion for change of venue to the appropriate Municipal Court of Oceanside Judicial District, San Diego County, and in his affidavit of merits, under oath, declared: "That he is not a resident of the County of Los Angeles, State of California as alleged in plaintiff's complaint and that he has not been a resident of said county for more than fifteen years past; that he is a resident of the County of San Diego, State of California, and has resided at Ramona in said latter county for more than one year last past; That he has not at any time entered into any contract, either oral or written, with the plaintiff herein or with the assignor of plaintiff herein in the County of Los Angeles, nor has he entered into any contract with plaintiff herein, or with the assignor of plaintiff herein, the performance of which was to be made and had in the County of Los Angeles, State of California; . . ." Reference is made to all the record.

The plaintiff countered with an affidavit, under oath, in which she states, "That she is the affiant herein. That upon the ground of information and belief affiant alleges that the real and true address of said defendant Lee Crutcher is 615 South Pasadena, California, in that he has mail sent there."

Defendant's verified answer, filed prior to the hearing of the motion for change of venue, asserts, "Answering Paragraph I of plaintiff's first cause of action denies that defendant is a resident of the County of Los Angeles, State of California, and alleges that defendant is now and for more than one year last past has been a resident of the County of San Diego, State of California; . . ." and realleges the same in reference to plaintiff's second and third causes of action in the form of common counts, for indebtedness, and for work and labor, respectively, in the amount claimed.

■ (1) On the record before us, we must presume in the absence of a contrary showing, that the law of Costa Rica governing bills of exchange is the same as our own. (*Christ* v. *Superior Court* (1931), 211 Cal. 593, 598 [296 P. 612, 77 A.L.R. 1015]; *Louknitsky* v. *Louknitsky* (1954), 123 Cal.App. 2d 406, 408 [266 P.2d 910].) ■ By acceptance the bills became chargeable by the payee to the account of the defendant in United States funds 30 days after sight and acceptance, September 1, 1955, in each case. It would appear, therefore, that defendant's indebtedness was personal to the assignor, charged on its books against him in United States funds. Since both bill and acceptance are in the Spanish language, it would appear that the acceptance was made likewise in Costa Rica. It is not alleged that the present suit is brought where such contract of payment was to be performed. Hence, the venue is the residence of the defendant. (Code Civ. Proc., § 395; *Hayutin* v. *Rudnick* (1952), 115 Cal.App.2d 138, 141 [251 P.2d 707]; *Dawson* v. *Goff* (1954), 43 Cal.2d 310 [273 P.2d 1].) ■ The general spirit and policy of the venue provisions is to give the defendant the right to have all personal actions against him tried in the county of his residence. (*Turlock Theatre Co.* v. *Laws* (1939), 12 Cal.2d 573 [86 P.2d 345, 120 A.L R. 786]; *Hale* v. *Bohannon* (1952), 38 Cal.2d 458 [241 P.2d 4]; *Deas* v. *Lido Lumber Co.* (1955), 132 Cal. App.2d 402 [282 P.2d 90]; *Credit Bureau of San Diego, Inc.* v. *Clark* (1950), 98 Cal.App.2d 479 [220 P.2d 596].)

■ A person has only one residence at a time. As stated in *Stone* v. *Everts* (1928), 203 Cal. 197, 198 [263 P. 236], if defendants are residents of Fresno County "it must necessarily follow that said defendants are not residents of the city and county of San Francisco."

■ In *Bohn* v. *Better Biscuits, Inc.* (1938), 26 Cal.App.2d 61 [78 P.2d 1177], it is said that "residence" as used in Code of Civil Procedure, section 395, does not refer to "domicile,"

but was used in the sense of live, dwell, abide, sojourn, stay, remain or lodge. Some of the lexicographers indicate that "residence" also requires an intention to abide continuously, to dwell permanently, or for a length of time, to have a fixed abode; that to be a "resident," one must be an actual dweller in a certain place, though there may be a legal domicile elsewhere. (*Leroux* v. *Industrial Acc. Com.* (1934), 140 Cal. App. 569 [35 P.2d 624, 626]; *Ft. Worth & D. C. Ry. Co.* v. *Monell* (1908), 50 Tex.Civ.App. 287 [110 S.W. 504, 506].)

One who is merely stopping over at a place in a hotel, motel, rooming house, or who is vacationing is not a resident. (*Oelkers* v. *Hulseberg* (1951), 200 Misc. 352 [107 N.Y.S.2d 144, 145].) A residence is established by personal presence in a fixed and permanent abode, with the intent of remaining there. (*Spurlin* v. *Siebrasse* (1951), 74 S.D. 150 [49 N.W.2d 604, 605].) The fundamental elements necessary to create a residence in a particular place are actual bodily presence in the place combined with a freely exercised intention of remaining there permanently or for an indefinite time. (*Johnston* v. *Benton* (1925), 73 Cal.App. 565 [239 P. 60]; *Bryant* v. *Bryant* (Mo.App., 1950), 232 S.W.2d 199, 203) without any present intention to remove from the same. (*Prince* v. *Inman* (Tex.Civ.App., 1955), 280 S.W.2d 779, 781, 782; *In re Lesker* (1954), 377 Pa. 411 [105 A.2d 376]; *cf. Smith* v. *Smith* (1955), 45 Cal.2d 235 [288 P.2d 497]; *Hughes* v. *Illinois Public Aid Com.* (1954), 2 Ill.2d 374 [118 N.E.2d 14, 17, 18]; *Southeastern Greyhound Lines* v. *Conklin* (1946), 303 Ky. 87 [196 S.W.2d 961, 962]; *Willingham* v. *Swift & Co.* (1908), 165 F. 223, 224; *Routt* v. *Barrett* (1947), 396 Ill. 322 [71 N.E.2d 660, 671]; *Fowler* v. *Fowler* (1945), 156 Fla. 316 [22 So.2d 817].)

The allegations of plaintiff's verified complaint as to defendant's residence serve as an affidavit. (*Atwater* v. *Argonne Van & Storage Co.* (1946), 74 Cal.App.2d 410, 412 [168 P.2d 776]; *East-West Dairymen's Assn.* v. *Dias* (1943), 59 Cal.App.2d 437, 441-442 [138 P.2d 772]; *Carnation Co.* v. *El Rey Cheese Co.* (1948), 88 Cal.App.2d 857, 858 [200 P.2d 19].)

(2) Apart from the verified complaint, plaintiff's affidavit filed in answer to defendant's affidavit is not sufficient. First, it is made on information and belief. An affidavit made on information and belief when submitted for an evidentiary purpose is hearsay, and is to be disregarded. (*Franklin* v. *Nat C. Goldstone Agency* (1949), 33 Cal.2d 628

[204 P.2d 37] ; 2 Cal.Jur.2d p. 629, par. 19 ; *Jeffers* v. *Screen Extras Guild, Inc.* (1955), 134 Cal.App.2d 622 [286 P.2d 30].)

Secondly, it relates to the "address" of the defendant. An address is not always synonymous with "residence." (*Stewart* v. *City of Rio Vista* (1945), 72 Cal.App.2d 279 [164 P.2d 274, 275] ; *Ridge* v. *Boulder Creek Union etc. School Dist.* (1943), 60 Cal.App.2d 453 [140 P.2d 990, 992] ; *Smith* v. *Whiting* (1910), 55 Ore. 393 [106 P. 791, 794] ; *Munson* v. *Bay State Dredging & Contracting Co.* (1943), 314 Mass. 485 [50 N.E.2d 633, 636].) While "address" may be synonymous with "residence" (*San Diego Savings Bank* v. *Goodsell* (1902), 137 Cal. 420 [70 P. 299, 302]), the receipt of mail by persons at places other than their residence is so common that we must take judicial notice that a post office address may not be the same as a residence address. (*People* ex rel. *Arfman* v. *Newell* (1911), 49 Colo. 349 [113 P. 643, 645] ; Code Civ. Proc, §§ 1875, 1963, subd. 28.)

Thirdly, the address as given is "615 South Pasadena, California." Whether this relates to a street or a city is entirely speculative.

(3) Since this affidavit on information and belief has no probative value, plaintiff's opposition to defendant's motion for change of venue must rest entirely upon the statement in paragraph I of the verified complaint: "Defendant is also a resident of Los Angeles, California." This positive statement, sworn to by plaintiff, perhaps loses weight, when plaintiff's later affidavit as to defendant's residence is based only on information and belief that defendant receives mail at some point which inferentially plaintiff contends is in Los Angeles County. An allegation that a person is a "resident" involves mixed questions of fact, such as his presence in a place, his intention to remain there so as to constitute it more than a transitory presence, and the legal status arising therefrom. In an early case, it was held that an allegation that a person was a "resident," by whomever made, was a legal conclusion which was to be disregarded. (*Bernou* v. *Bernou* (1911), 15 Cal.App. 341, 346 [114 P. 1000].) In matters respecting change of venue, a statement of residence was regarded to concern the ultimate fact which the court, rather than the witnesses, is to decide. The defendant's affidavit as to residence was rejected, in favor of plaintiff's, setting forth a multitude of circumstances from which the court could determine the ultimate fact.

But in *O'Brien* v. *O'Brien* (1911), 16 Cal.App. 103, 111 [116 P. 692], it was held that such an affidavit submitted by the defendant as to the fact of his residence made a prima facie case. His intention to remain is a matter particularly within his knowledge, and his affidavit as to his intention as to residence is presumed to be made with full knowledge of the legal import of the term. The burden imposed upon the plaintiff is greater. In the allegations of the complaint herein, the plaintiff has signally failed to plead any probative facts which a court could hold overcome the *prima facie* showing made by the defendant.

As said in *O'Brien* v. *O'Brien, supra,* page 111: "there should be much more required in an affidavit made by a party other than the defendant himself, and used as a basis for a motion of the character of the one involved here than in an affidavit to be used for the same purpose, made by the defendant, whether the affidavit of such other party [sic, person] is for or against the defendant. The affidavit of a party [sic, person] other than the defendant himself should, to be of any value as proof addressed to the question of residence, on a motion of this kind, state some fact or facts by which the court may be aided in forming some conclusion of its own upon the question of defendant's residence. . . . With the circumstances by which such affiant has arrived at his conclusion the court should be made acquainted and itself thus afforded an opportunity to pass upon their weight and value as proof of the fact to be decided."

The rule of *O'Brien* v. *O'Brien, supra,* applies to this case. (*Johnston* v. *Benton, supra* (1925), 73 Cal.App. 565 [239 P. 60].) The affidavit of the defendant as to his residence not having been overcome by any competent proof, it was the duty of the trial court to grant the motion for change of venue.

The order denying the motion for change of venue is reversed, with directions to enter an order granting defendant's motion and transferring the cause to the appropriate judicial district in San Diego County for further proceedings. Jurisdiction to pass upon defendant's demurrer having depended upon the ruling on the motion for change of venue, the order overruling the demurrer is vacated, with directions to mark the same "off calendar."

Bishop, P. J., and Swain, J., concurred.