Charles A. Loreto, J.
Defendant William Black moves for an order (1) changing the venne of this action from New York County to Westchester County; (2) striking certain paragraphs of the complaint as irrelevant; and (3) dismissing the second cause pleaded in the complaint as insufficient in law to state a cause of action.
The complaint sets forth two causes of action, one for a declaratory judgment declaring the divorce obtained of a prior marriage between the defendants William Black and Lillian Mandl to be valid and binding; the second cause is for a decree removing the cloud upon the title to certain bonds which the plaintiff alleges were given to her by the defendant William Black in consideration of reconciliation of their marriage.
The plaintiff commenced this suit by service of a summons without complaint on the defendant Lillian Mandl on June 22, 1960 and by service on the defendant William Black on June 23,1960. Later on that date the defendant William Black caused to be served upon the plaintiff a summons and complaint in his suit against her instituted in the Supreme Court, Westchester County, wherein he set forth two causes of action: one for a judgment declaring the legal rights of the parties to the said bonds, declaring that the plaintiff in this suit has no legal right to retain them, and a mandatory judgment against her be granted, together with an interim injunction restraining then-transfer; the second cause is for conversion of the said bonds by plaintiff in this suit, with the prayer for a judgment of $1,000,000 coupled with injunctive relief.
*581 Before making Ms present motion defendant William Black caused to be served a demand for change of venue of this action without specifying grounds therefor, which demand is dated July 1, 1960. By his present notice of motion dated July 15, 1960 he moves for change of venue pursuant to rule 146 of the Rules of Civil Practice, which reads:
‘ ‘ If the defendant in an action in the supreme court demand that the action be tried in the proper county, he must serve with the answer, or before service of the answer, a written demand accordingly. The demand must specify the county where the defendant requires the action to be tried. If the plaintiff fail to serve a written consent to the change as proposed by the defendant within five days after service of the demand, the defendant, within ten days thereafter, may serve notice of a motion to change the place of trial.
“ If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embracing such county, or in an adjoining county as provided in rule sixty-three. ’ ’
That rule permits a defendant in an action in the Supreme Court to demand and then move to have the action tried in the proper county, i.e., the county in which the action is triable within the meaning of rule 63. Therefore, the only question with respect to this aspect of the motion is whether New York County is the proper county for this action, for ‘1 This rule [rule 146] relates solely to change of venue where the action is not brought in the proper county, and one proceeding under it must rely on that ground alone ” (Baker v. Pollak & Sons, 277 App. Div. 11, 12 [1st Dept., 1950]). The question as to whether a county is or is not the proper county for the trial of an action depends solely on the residence of the parties to the action. Section 182 of the Civil Practice Act, which establishes the parties’ residence as the test for venue of an action, provides in part as follows: 1 ‘ An action in the supreme court not specified in the five following sections must be tried in the county in which one of the parties resided at the commencement thereof * * * A party having *582 or maintaining a residence in more than one county shall be deemed a resident of either county.”
On the papers submitted herein there is no doubt that defendant Lillian Mandl resided in New York County at the time of •the institution of this suit, and although the defendant William Black asserts that his residence is with the plaintiff herein at Bon Repos, Westchester County, the fact of the matter is that since his separation from the plaintiff, prior to the institution of this action, he has been residing in New York County. Whatever his domicile may be, or additional place of residence, at the time of the institution of this suit he had an actual place of residence in New York County. For the purpose of determining the proper place of trial, ‘ ‘ A party having or maintaining a residence in more than one county shall be deemed a resident of either county.” (Civ. Prac. Act, § 182. See Schwartz v. Schwartz, 274 App. Div. 1082 [3d Dept., 1949]; Hammerman v. Louis Watch Co., 7 A D 2d 817 [3d Dept., 1958].) This branch of the motion for change of venue therefore is denied.
With respect to that branch of the motion which prays for an order striking paragraphs 7, 8, 9 and 11 of the complaint, the court is of the opinion that paragraphs 7 and 8 are irrelevant, as well as a portion of paragraph 9, except for the first three lines of paragraph 9 ending with the word “ residence ” and the last sentence of said paragraph, which will be permitted to remain. Paragraph 11, reciting the prior association and relationship between the defendants William Black and Lillian Mandl, may prove to be relevant as background and supplying a basis for intent upon which the charge of collusion between them as alleged in paragraphs 13 and 16 of the complaint is alleged.
Now turning to the defendant’s motion to dismiss the second cause of action, he asserts that there is no need for the plaintiff to bring on this cause since he does not intend to challenge the legality and validity of his divorce from the defendant Lillian Mandl. To the contrary, the plaintiff alleges in paragraphs 13 and 16 of her complaint collusive action between the defendant William Black and defendant Lillian Mandl, his former wife, to assert that the latter is his lawful wife and the plaintiff and defendant William Black are not husband and wife. She asserts that his present statement to the effect that he does not intend to challenge the validity of his divorce from defendant Lillian Mandl is a meaningless cavalier gesture. She asserts collusive action, inspired by him, to invalidate his divorce from the defendant Lillian Mandl in order thereby to invalidate plaintiff’s marriage to him, is intended to serve their mercenary *583 ends and to deprive her of the title and possession to the $1,000,000 of bonds that he gave to her.
It is strang’e, if not significant, that the defendant Lillian Mandl has submitted her own brief attacking the sufficiency of the plaintiff’s second cause, which is directed against the defendant William Black only and relates to the plaintiff’s title to the bonds. This may be a straw possibly indicating collusive conduct of the defendants.
There is no doubt that if the prior divorce between the defendants is declared invalid then there never existed a valid marital relationship between the plaintiff and the defendant William Black and therefore it may not be found that a reconciliation of their marriage would constitute a lawful consideration for the delivery of the bonds by defendant William Black to plaintiff and their transfer would be voided (Hurley v. Hurley, 266 App. Div. 701). It is clear that the issue with respect to the title to the bonds is interwoven with the validity or invalidity of the marital relationships of the plaintiff and of the defendant Lillian Mandl to the defendant William Black.
Although there is a conflict of opinion as to whether possession of the bonds by the plaintiff would relegate her to a cause at law, the court is of the opinion that her possession of the bonds would not permit her to obtain adequate relief at law. Pomeroy, in his treatise on Equity Jurisprudence (vol. 3 [5th ed., 1941], p. 1028) states: “ But where he is in possession and thus unable to obtain adequate legal relief, he may resort to equity ”. (See, also, Kalman v. Shubert, 270 N. Y. 375, 377.)
In conclusion it may be appropriate to indicate that defendant William Black had brought on a motion at Special Term in his cause against plaintiff herein, before the Special Term of the Supreme Court, Westchester County, asking for a temporary injunction restraining her transfer of the bonds. Mr. Justice Doschbr granted temporary injunction so that “ in the meantime the status quo should be preserved.”
The decision of the Special Term in Westchester County does not preclude this court from passing upon the plaintiff’s application for a stay of the action of defendant William Black instituted against her in Westchester County, for the court there stated, in its opinion on the question of jurisdiction: “I am not certain, at this time, that New York County obtained jurisdiction first or that New York County is the proper place for trial. These questions have to be determined at a later date.”
Since New York is the proper county for this suit embracing issues as to the validity of the matrimonial relationships of the parties necessary for a proper determination of title to the *584 bonds, such issues not presented in the Westchester County suit also involving the right and title to the bonds, wherein the summons and complaint were later served and in view of the fact that plaintiff in this action on argument of these motions indicated a consent to a temporary restraining order prohibiting her transfer of the bonds during the pendency of this action, thereby affording any needed protection to defendant William Black, the court will grant the stay herein sought.
Accordingly, the defendant’s motion is denied, except granted to the extent of striking paragraphs 7 and 8 and that portion of paragraph 9 of the complaint herein indicated, and plaintiff’s motion for a stay is granted.