■ ELSBETH ZOËLLNER, Appellant, v. GERHARD P. H. NEUMANN et al., Respondents.— Order entered on June 16, 1960, denying plaintiff's motion to vacate the stay of trial of this cause and granting defendants' cross motion to dismiss this action for failure to prosecute, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, the motion granted and the cross motion denied. The stay of the trial, pending the return of the commission on the written interrogatories directed to the witness in Holland, prevented the trial of this cause. It would appear neither party for a substantial period thereafter was aware of the return of the commission. The nature of the action, and the absence of any claim of prejudice to the defendants, in the circumstances, move the court to exercise its discretion towards the end of a prompt disposition on the merits. Settle order on notice. Concur—Botein, P. J., Rabin, McNally and Stevens, JJ.

■ JEAN M. BLACK, Respondent, v. WILLIAM BLACK, Appellant, et al., Defendant.— Order entered on August 11, 1960, (1) insofar as it denies defendant-appellant's motion for a change of venue from New York County to Westchester County and (2) denies defendant-appellant's motion to strike certain paragraphs of the complaint as irrelevant, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Order entered on August 11, 1960, granting plaintiff's motion for an injunction unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur—Botein, P. J., Rabin, McNally and Stevens, JJ. [26 Misc 2d 579.]

■ FASS & WOLPER, INC., Appellant, v. LOUIS HARROW et al., Respondents. JULES REINER, Doing Business as REINER REALTY CO., et al., Appellants, v. WILLIAM MEYERS et al., Respondents.— Order entered on December 28, 1960 granting defendants-respondents' motion to consolidate the two above-entitled actions to the extent of ordering a joint trial of the issues therein, and order entered on December 23, 1960, granting defendants-respondents' motion to strike the action entitled "Fass & Wolper, Inc., Plaintiff, against Louis Harrow, William Meyer and Joseph J. Schwartz, Defendants" from the Trial Calendar, and by the plaintiffs-appellants Jules Reiner, doing business as Reiner Realty Co., and Leon Wasserman, doing business as Leon Wasserman Company from the aforesaid order entered on December 28, 1960, granting defendants-respondents' motion to consolidate the two above-entitled actions to the extent of ordering a joint trial of the issues therein, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur—Botein, P. J., Rabin, McNally and Stevens, JJ.

■ JAMES WILLIAMS, Appellant, v. FRANK GRINDLEY et al., Respondents.— Order entered on November 20, 1959, denying plaintiff's motion for a reconsideration of the denial of an application for a preference under subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules so appealed from be and the same is hereby reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion for a preference granted, with $10 costs. On the record before us, a preference was warranted under the rule. The appeal from the ex parte order, entered September 15, 1959, is dismissed. Concur—Botein, P. J., Rabin, McNally and Stevens, JJ.